IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | No. 3:18-cr-635-N |
| | § | |
| BRANDON KEITH WRIGHT, | § | |
| | § | |
| Defendant. | § | |

### <u>MEMORANDUM OPINION AND ORDER</u>

Defendant Brandon Keith Wright is charged, in an indictment filed in this district, with violations of 18 U.S.C. § 2251(a), Production of Child Pornography, and 18 U.S.C. § 2252A(a)(1), Transporting and Shipping Child Pornography. *See* Dkt. No. 3. He is set for trial on February 1, 2021 before United States District Judge David C. Godbey. *See* Dkt. No. 41.

The government moved for his pretrial detention. *See* Dkt. No. 8. On January 22, 2019, Defendant waived a detention hearing but reserved his right to ask for a hearing if he is released from state custody while this case is pending, *see* Dkt. No. 16, and was ordered detained pending trial under 18 U.S.C. § 3142(f), *see* Dkt. No. 17.

On March 31, 2020, Wright filed an Emergency Motion for Pretrial Release Due to Public Health and Safety Threat Posed by COVID-19 Pandemic, *see* Dkt. No. 32, which the Court referred to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) for hearing, if necessary, and determination, *see* Dkt. No. 34. The government then filed a court-ordered response to the motion. *See* Dkt. No.

36. And the Court denied the motion in a Memorandum Opinion and Order entered on April 7, 2020. *See* Dkt. No. 37.

On September 11, 2020, Wright filed essentially the same Emergency Motion for Pretrial Release Due to Public Health and Safety Threat Posed by COVID-19 Pandemic, *see* Dkt. No. 42, which the Court has referred to the undersigned under 28 U.S.C. § 636(b) for hearing, if necessary, and determination.

When compared to the motion filed just over five months ago, Wright's motion includes some updated information on the COVID-19 pandemic and a recent lawsuit filed by a Dallas County officer and explains that,

> [s]ince the beginning of the pandemic, Mr. Wright has spent dozens of days in the infirmary due to 1) being considered "high risk", and 2) testing positive for Covid-19 on July 29th.
> 24. Mr. Wright has been in a standard pod in general population since August 15th because although healthcare officials at the jail agree he is "high risk", there is no room elsewhere to house him.

Dkt. No. 42 at 1, 3, 5, 6, 7-8. The motion is otherwise identical to the previously filed and denied motion. *Compare* Dkt. No. 32 *with* Dkt. No. 42

The government opposes this second motion and responds that,

> [a]s schools and businesses continue to reopen, the risk of COVID has actually lessened rather than increased since the defendant first requested relief. The defendant's new motion adds nothing for the Court to consider that it did not already consider when the Court first denied the defendant's motion. For the reasons asserted in the government's original Response in Opposition to Defendant's Motion to Revoke Detention Order, and the reasons articulated in this Court's denial of his original request, the government remains vehemently opposed to his release. Buying into his argument, every prisoner should be released from custody, no matter how dangerous they are. The new motion continues to ignore the egregious predatory behavior that required his detention in the first place, in that he sexually abused a three-year-old child, encouraged others to sexually abuse children, and distributed the

photos on the internet that he produced. He continues to be a threat to the public. The Court should deny the motion.

Dkt. No. 44 at 1.

### Legal Standards and Analysis

"The provisions of 18 U.S.C. §§ 3142 and 3144 govern pretrial release." FED. R. CRIM. P. 46(a).

Wright was eligible for pretrial detention under 18 U.S.C. § 3142(f)(1) because he is charged by indictment with two felony offenses under Chapter 110, which are defined for purposes of Section 3142(f)(1) as "crimes of violence." *See* 18 U.S.C. § 3156(a)(4)(C). Under the Bail Reform Act, "[i]f, after a hearing pursuant to the provisions of [18 U.S.C. § 3142(f)], the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1). And, because a grand jury indicted Wright for offenses under 18 U.S.C. §§ 2251(a) and 2252A(a)(1) involving a minor victim, the Bail Reform Act provides that, "[s]ubject to rebuttal by [Wright], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community," 18 U.S.C. § 3142(e)(3); *accord* Dkt. No. 8 at 2. Where, as here, the presumption applies, although the burden of persuasion remains always

with the government, Defendant must produce sufficient evidence to rebut the presumption. *See United States v. Hare*, 873 F.2d 796, 798-99 (5th Cir. 1989).

The Court may reopen a detention hearing, "before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). And, "[i]f a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). And the Court "may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i); *see also United States v. Parker*, 848 F.2d 61, 63 (5th Cir. 1988) (explaining that "a judicial officer may subsequently order the temporary release of the detainee 'to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense.'" (quoting 18 U.S.C. § 3142(i))).

Wright knowingly and voluntarily waived a detention hearing after consultation with his attorney (who also filed this motion), subject to reserving his

right to ask for a hearing if he is released from state custody while this case is pending. *See* Dkt. No. 16. Wright does not claim that he has been released from state custody, *see generally* Dkt. No. 32, and the government has reported that "[a] Navarro County grand jury indicted Wright on two counts of indecency with a child that remain pending," Dkt. No. 36 at 5 n.1.

Neither does Wright ask to reopen and hold a new detention hearing under Section 3142(f) to present new and material evidence bearing on the issue whether there are conditions of release that will reasonably assure his appearance at trial or the safety of any other person or the community if he were released.

And, as before, *see* Dkt. No. 37, the Court does not read his motion as asking the Court to revoke the original detention order under Section 3145(b), *see generally United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992) ("When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release.").

Rather, as before, the Court understands Wright to be seeking "temporary release" under Section 3142(i) "on appropriate conditions, at least until the resolution of this outbreak," based on what he asserts are compelling reasons based on "new" and "changed circumstances" presented by the COVID-19 pandemic and his pretrial detention in the Dallas County jail.

18 U.S.C. § 3142(i) does "permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that

the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). Under Section 3142(i), courts have held that a defendant "bear[s] the burden to show that [her] release is 'necessary for preparation of the person's defense'" or for another compelling reason. *United States v. Buswell*, No. 11-CR-198-01, 2013 WL 210899, at *5 (W.D. La. Jan. 18, 2013).

In the context of arguments for release based on the COVID-19 pandemic as "another compelling reason," another court has explained that

> [t]here is limited authority as to when temporary release is justified under § 3142(i) based on "another compelling reason," although a defendant's medical condition may present that compelling reason in a particular case. *See United States v. Rebollo-Andino*, 312 Fed. App'x 346, 348 (1st Cir. 2009) (noting the defendant could seek temporary release under § 3142(i) for medical reasons). Courts have typically granted relief under § 3142(i) only "sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries." *United States v. Hamilton*, No. 19-CR-54-01, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020). ....
>
> A defendant's concerns that he or she would face heightened COVID-19 risks if incarcerated would not typically factor into a § 3142(f) analysis, which focuses on whether the court can fashion conditions of release that will reasonably assure the defendant is not a risk of nonappearance or a risk of harm to any others or the community. The risk of harm to the defendant does not usually bear on this analysis. Rather, whether a defendant's particular circumstances warrant release in light of the COVID-19 pandemic ought to more properly considered on a case-by-case basis under the "another compelling reason" prong of § 3142(i), as the district court did in *Hamilton*, 2020 WL 1323036, at *2.

*United States v. Clark*, Case No. 19-40068-01-HLT, 2020 WL 1446895, at *2-*3 (D. Kan. Mar. 25, 2020). That court noted that the considerations for determining whether detention or release is appropriate under Section 3142 "should be taken into consideration in determining whether a defendant has presented such compelling

- 6 -

reasons for temporary release that they effectively override or at least sufficiently counterbalance the findings that originally justified the pretrial detention order." *Id.* at *3.

Wright argues that his "ongoing pretrial detention poses an imminent threat ... to the health and safety of the community from a deadly infectious disease"; that, if released, he "would be able to effectively protect himself from COVID-19"; and that, because "[r]educing the size of the population in jails and prisons is crucially important to reducing the level of risk both for those within those facilities and for the community at large," "[i]n this unique moment, release enhances the safety of other people and the community – and is necessary to protect Mr. Wright's own health and safety." Dkt. No. 42 at 1-2, 8 (citation, internal quotation marks, and emphasis omitted). Wright asserts that he "must be able to exercise self-protective measures in a sanitary, disinfected space, and to maintain social distance from other community members to flatten the curve of the virus's spread" and that, when he "was initially detained, circumstances were different; this Court must consider the stark change in circumstances." *Id.* at 8.

But, as the Court previously determined, *see* Dkt. No. 37, Wright's argument that his release is necessary to protect the safety of the community is unpersuasive in the context of Section 3142, because the "assertion that there is a public good in the release of as many prisoners as possible to avoid spread of the pandemic, as [Wright essentially] argues ..., would be an argument for releasing all detainees," *United States v. Munguia*, No. 3:19-cr-191-B (03), 2020 WL 1471741, at *4 (N.D. Tex.

March 26, 2020) (internal quotation marks and citation omitted). "[A]nd, as other courts have also concluded, the court cannot not release every detainee who may be at risk of contracting COVID-19, as it would then be required to release *all* detainees." *United States v. Kerr*, No. No. 3:19-cr-296-L, 2020 WL 1529180, at *3 (N.D. Tex. Mar. 31, 2020) (citation omitted).

And the Court denies Wright's Section 3142(i) request pointing to his COVID-19 diagnosis and his time spent in the infirmary, followed by a return to general population, as a "compelling reason" for his temporary release: His positive COVID-19 test result on July 29, 2020 – when apparently followed by a subsequent negative test result and recovery – does not, alone, amount to information that would be relevant to, or enable Wright to show he can overcome, the rebuttable presumption and show that he is neither a flight risk nor a danger to the community and can be released pending trial on a combination of conditions that would reasonably assure his appearance as required and the safety of any other person and the community. As another judge in this district has noted, "contracting the COVID-19 virus is not in and of itself a compelling reason for release," and, even if "a detainee's inability to obtain necessary health care within the detention facility" might be such a reason, *United States v. Rivers*, No. 3:17-cr-460-M, Dkt. No. 723 at 2 (N.D. Tex. July 29, 2020), the record here does not support a finding that Wright is – or, at this point, has been – unable to obtain necessary health care at his detention facility. Rather, he explains that, although he has apparently returned to the general population after recovering from COVID-19, he has frequently received medical care by jail officials who consider

him "high risk."

Wright offers no factual basis to believe that his release would be appropriate under 18 U.S.C. § 3142(c) and (e), after considering the 18 U.S.C. § 3142(g) factors, and, under those circumstances, his contracting – and then apparently recovering from – COVID-19 at his detention facility does not justify temporary release to an "appropriate person" under 18 U.S.C. § 3142(i). Wright has failed to meet his burden under 18 U.S.C. § 3142(i) to show that his temporary release from detention pending trial is necessary at this time for another compelling reason.

## Conclusion

For the reasons explained above, the Court DENIES Wright's second Emergency Motion for Pretrial Release Due to Public Health and Safety Threat Posed by COVID-19 Pandemic [Dkt. No. 42].

DATED: September 18, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE